**In the Matter of Raymond E. NORRIS and Barbara B. Norris, Debtors.**

**FARMERS STATE BANK OF SUPERIOR, NEBRASKA, Plaintiff,**

v.

**Raymond E. NORRIS, Barbara B. Norris, United States of America, State of Nebraska, and State of Kansas, Defendants.**

Bankruptcy No. BK84-2287. Nos. A85-208 to A85-210.

United States Bankruptcy Court, D. Nebraska.

June 20, 1988.

Frank Schepers, Omaha, Neb., for Bank.

Lance Johnson, Hebron, Neb., for debtors.

Yvonne Gates, Lincoln, Neb., for State of Neb.

Melanie Caro, Topeka, Kan., for State of Kan., Legal Services Bureau.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

### Procedural Background

This matter is before the Court on the complaint of Farmers State Bank of Superior, Nebraska, (Bank) that the defendants—Raymond and Barbara Norris (debtors), United States of America, State of Nebraska and State of Kansas—converted the Bank's cash collateral by debtors' post-petition transfers of these funds to the various other defendants. Three adversary proceedings were filed by the Bank in September, 1985, and have been procedurally consolidated.

On October 21, 1985, the United States filed a motion to dismiss alleging that the Court lacked subject matter jurisdiction and that Bank lacked standing to bring the action. The Court sustained the motion of the United States, characterizing Bank's complaint as a request to avoid a post-petition transfer under 11 U.S.C. § 549, which action may be brought only by the trustee or the debtor-in-possession—not by a creditor.

Upon Bank's appeal to the United States District Court for the District of Nebraska, the District Court held that Bank did have standing to assert a state law conversion action, finding that Bank's complaint was brought under state law rather than 11 U.S.C. § 549. This Court's decision was reversed and the matter remanded for further proceedings consistent with the District Court's order.

Subsequent to the District Court order, Kansas filed a motion to dismiss claiming improper service due to Bank's failure to serve its petition and summons on the Kansas Attorney General and claiming that the Court lacked subject jurisdiction because Kansas is immune from a claim of conversion under the Eleventh Amendment of the United States Constitution and Kansas state law. The United States filed a motion to dismiss claiming sovereign immunity, and debtors filed a motion to dismiss alleging insufficient service of process.

The Court held a pretrial conference November 23, 1987. Frank Schepers of Kennedy, Holland, DeLacy & Svoboda represented Bank; Melanie Caro represented the State of Kansas; Yvonne Gates represented the State of Nebraska; Douglas Semisch represented the United States and Lance Johnson represented debtors. All parties agreed that resolution of the various motions to dismiss is a question of law, and, if the Court overrules the motions to dismiss, the remaining substantive issues of the complaint are, too, questions of law. Accordingly, the parties agreed upon a briefing progression for the submittal of legal arguments to the Court which the Court has received and reviewed.

## Statement of Facts

Bank holds a security interest in the inventory and accounts receivable from debtors' retail fuel sales business. The security interest was perfected prior to debtors filing for Chapter 11 relief in November, 1984. Before the Chapter 11 filing, as well as subsequent to it, debtors paid various fuel related taxes to the United States and to the States of Kansas and Nebraska. These taxes were paid out of debtors' general bank account in which debtors also deposited their receipts from accounts receivable. In addition to the fuel taxes, debtors paid employment withholding taxes to the United States.

Bank claims that debtors, the United States, Nebraska and Kansas converted the accounts receivable for their own use. The debtors, the United States, Nebraska and Kansas set forth various defenses to Bank's complaint:

1. The doctrine of sovereign immunity, the Eleventh Amendment of the United States Constitution, the Federal Tort Claims Procedure Act and state law deprive the Court of subject matter jurisdiction;

2. Insufficient service on debtors and on Kansas;

3. The fuel taxes and the employment withholding taxes were held in trust by debtors for the various government entities and were never property of the estate;

4. All taxes were paid in the ordinary course of debtors' business, both prepetition and post petition;

5. The secuity interest was not properly perfected and did not cover proceeds;

6. Language in Bank's security agreement required debtors to pay taxes levied or assessed on the collateral.

## Analysis

I. Whether the Eleventh Amendment and Kansas state law deprive the Court of subject matter jurisdiction over the State of Kansas?

To support its sovereign immunity arguments, Kansas relies on the Eleventh Amendment to the United States Constitution: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State" and on the Kansas Torts Claims Act: "A governmental entity or an employee acting within the scope of his or her employment shall not be liable for damages resulting from: (e) the assessment or collection of taxes or special assessments." K.S.A. 75–6104(e).

In response, Bank argues that Congress specifically waived sovereign immunity in the bankruptcy setting when it enacted 11 U.S.C. § 106. This section, entitled "Waiver of sovereign immunity" reads:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106 (1987).

■ Bank has provided the Court numerous bankruptcy decisions where courts have found that Congress intended 11 U.S.C. § 106 to waive a sovereign immunity defense in a bankruptcy setting. In reviewing these decisions, however, the Court finds that all of the actions were commenced by either the trustee or the debtor in possession. The Court has been

provided no decisional law interpreting 11 U.S.C. § 106 in which a creditor as plaintiff successfully overcame the defense of sovereign immunity.

Subsection (a) *waives sovereign immunity "with respect to any claim against such governmental unit that is property of the estate."* 11 U.S.C. § 106(a) (1987). In the instant case, no one has alleged that the estate has a claim against the State of Kansas. In this adversary proceeding, the claim is for conversion of collateral, which claim can be brought only by a secured creditor. The Court finds no claim by debtors' estate against Kansas.

Therefore, Bank's claim that Kansas has waived its sovereign immunity under Section 106 is not supportable. The court in *In re Davis*, 20 B.R. 519 (Bankr.M.D.Ga. 1982), similarly interpreted Section 106:

> The plain language of 11 U.S.C. § 106(a) as applied to this adversary proceeding is that Congress deemed the sovereign immunity of a governmental unit to have been waived when (1) the *estate has a claim* against a governmental unit and the governmental unit has a claim against the estate; and (2) the claim against the governmental unit must be property of the estate; and (3) the claims of each must arise out of the same transaction or occurrence. If any one of these three is missing, Congress did not deem sovereign immunity to have been waived under 11 U.S.C. § 106(a).

*Id.* at 520–21 (emphasis added). Because the estate has no claim against the State of Kansas, the Bank may not assert Section 106(a).

The Court also finds that 11 U.S.C. § 106(c) does not apply. Subsection (c) waives sovereign immunity when an action is brought under the Bankruptcy Code. Bank's claim of conversion arises under state law; thus, subsection (c) is not applicable.

In addition to Section 106, Bank contends that 11 U.S.C. § 505 grants subject matter jurisdiction:

> Except as provided in paragraph (2) of this subsection, *the court may determine the amount or legality of any tax,* any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (1987) (emphasis added). Again, Bank's complaint alleges conversion under state law. Bank does not challenge the amount of the taxes paid by debtor to the various entities, the validity of the taxing statutes under which the entities assessed and levied their taxes, nor the dischargeability of the taxes. Further, Bank provides no decisional law where a creditor has successfully brought a Section 505 action against a governmental entity, nor has Bank supplied any decisional law holding that Section 505 provides a waiver of sovereign immunity independent and distinct from Section 106.

The Court finds that Section 505 does not waive Kansas' sovereign immunity. Kansas' motion to dismiss for lack of subject matter jurisdiction is sustained.

**II. Whether Bank's service of process on Kansas was insufficient?**

Pursuant to Bankr.R. 7004(b), service by mail upon a state or governmental entity shall be governed by the law in the state in which service is made. In a suit against Kansas or a Kansas governmental agency, Kansas law requires service upon its Attorney General. Kansas memorandum at 3–4. Although Bank served the Kansas Department of Revenue, it did not serve the Attorney General.

The Court finds that service on the State of Kansas was insufficient. While the Court recognizes that Fed.R.Civ.P. 4(h) permits the Court, under certain circumstances, to allow amendment to a defective process, the Court finds, in the instant case, no compelling reason to so allow. Kansas' motion to dismiss for insufficient service of process is sustained.

**III. Whether the doctrine of sovereign immunity and the Federal Tort Claims Procedure Act deprive the Court of subject matter jurisdiction over the United States?**

■ Congress must consent before a suit can be brought against the United States. *Block v. North Dakota ex rel Board of University & School Lands*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). Because Bank's complaint is for conversion, a tort, the United States contends that Bank must meet the procedural requirements of the Federal Tort Claims Procedure Act, 28 U.S.C. §§ 2671–80. Even if Bank had complied with the procedural requirements of the Act, Section 2680 of the Act specifies claims concerning which the Act does not waive the sovereign immunity of the United States:

> (c) Any claim arising in respect of the assessment or *collection of any tax* or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

28 U.S.C. § 2680(c) (emphasis added).

The Court thus finds that the Federal Tort Claims Procedure Act bars the Bank's claim unless the United States immunity is waived by operation of 11 U.S.C. § 106 or 11 U.S.C. § 505. The same analysis of Section 106 and 505 applies to the United States as it did to Kansas. *See supra* I. Therefore, the Court finds that the United States has not waived its sovereign immunity, and its motion to dismiss is sustained.

IV. Whether Bank's service of process on debtors was insufficient?

In the claim of insufficient service against the State of Kansas both Bank and Kansas agreed that the Kansas Attorney General did not receive service of Bank's summons and complaint. However, the Court has no stipulation as to what service occurred in terms of debtors. Debtors' and Bank's legal arguments do not address this issue. Therefore, debtors' motion to dismiss for insufficient service is overruled without prejudice.

V. Whether the Eleventh Amendment of the United States Constitution and Nebraska law deprive the Court of subject matter jurisdiction over the State of Nebraska?

Nebraska does not raise the defense of sovereign immunity in either its answer to the complaint or by motion. Nevertheless, Fed.R.Civ.P. 12(h)(3) which reads: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" allows the Court to raise the issue.[1] Accordingly, Nebraska shall, within fifteen days of this memorandum, brief the issue of whether Nebraska law, in the instant case, does or does not provide for waiver of sovereign immunity. Bank shall have fifteen days to respond, with Nebraska's reply, if any, within ten days.

## SUMMARY

1. Kansas and the United States' motions to dismiss for lack of subject matter jurisdiction are sustained.

2. Kansas' motion to dismiss for insufficient service of process is sustained.

3. Debtors' motion to dismiss for insufficient service of process is overruled without prejudice.

4. Nebraska shall brief the issue of sovereign immunity within fifteen days. Bank has fifteen days to respond with a reply, if any, within ten days.

5. The Court finds that the remaining issues, *supra* p. 426, require an evidentiary hearing. After the Court has ruled on the Nebraska sovereign immunity question, a pretrial order shall be sent by the Clerk of the Bankruptcy Court. Upon receipt of the parties' pretrial statement, a hearing wil be set.

Separate journal entries will be entered this date.

---

**1.** Bankr.R. 7012 incorporates Fed.R.Civ.P. 12(b)–(h) for adversary proceedings.