**In the Matter of Raymond E. NORRIS and Barbara B. Norris, Debtors.**

**FARMERS STATE BANK OF SUPERIOR, NEBRASKA, Plaintiff,**

**v.**

**Raymond E. NORRIS, Barbara B. Norris, United States of America, State of Nebraska, and State of Kansas, Defendant.**

**Bankruptcy No. BK84–2287. Adv. Nos. A85–208 to A85–210.**

United States Bankruptcy Court, D. Nebraska.

July 25, 1988.

---

Frank Schepers, Omaha, Neb.,

Lance Johnson, Hebron, Neb.,

Yvonne Gates, Lincoln, Neb.,

Melanie Caro, Legal Services Bureau, Topeka, Kan.,

Douglas Semisch, Asst. U.S. Atty., Omaha, Neb., Peter Taylor, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

In its memorandum of June 20, 1988, the Court ordered the State of Nebraska and plaintiff to provide legal arguments on the issue of Nebraska's immunity from plaintiff's complaint of conversion. The Court has received and reviewed the arguments presented by Nebraska. Plaintiff provided no further legal arguments.

Plaintiff's action for conversion against the State of Nebraska is dismissed because the Court lacks subject matter jurisdiction. The Court raised the issue on its own motion. Fed.R.Civ.P. 12(h)(3).

Nebraska has not waived its sovereign immunity under either 11 U.S.C. § 505 or 11 U.S.C. § 106. *See Farmers State Bank of Superior, Nebraska, v. Norris*, 90 B.R. 424, 426–27 (Bankr.D.Neb.1988). Further, neither the Constitution of the State of Nebraska nor the State Tort Claims Act waives Nebraska's sovereign immunity for actions brought in United States federal bankruptcy courts. *See* Neb. Const. art. V, § 22; Neb.Rev.Stat. §§ 81–8209 *et seq.* (Reissue 1987).

Clerk of the Bankruptcy Court shall procedurally consolidate A85–208, –209, –210 and issue to the remaining parties in this proceeding, Farmers State Bank of Superior, Nebraska, and debtors, Raymond and Barbara Norris, a pretrial order requiring a joint pretrial statement on or before September 15, 1988.