In the Matter of SANITARY AND IMPROVEMENT DISTRICT NO. 7 OF LANCASTER COUNTY, NEBRASKA, Debtor.

Edmund W. HOLLSTEIN, Plaintiff,

v.

SANITARY AND IMPROVEMENT DISTRICT NO. 7 OF LANCASTER COUNTY, NEBRASKA, a Municipal Corporation, Michael Niederhaus, Joe R. Brown, Eugene N. Helget, Shirley M. Fralin, Kenneth C. Jackson, Jr., Individuals, and Erickson & Sederstrom, P.C., a Professional Corporation, Defendants.

Bankruptcy Nos. BK85–39, A88–4042.

United States Bankruptcy Court, D. Nebraska.

Jan. 20, 1989.

See also, Bkrtcy., 96 B.R. 966, Bkrtcy., 98 B.R. 970.

William R. Hadley, Omaha, Neb., for debtor and individual defendants.

Charles Humble, Lincoln, Neb., for defendant Erickson & Sederstrom.

Gary Nedved, Lincoln, Neb., for plaintiffs.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Before a United States Bankruptcy Judge for the District of Nebraska regarding defendant Erickson & Sederstrom's Motion to Dismiss, Filing No. 21; defendant SID's Motion to Dismiss for Failure to State a Cause of Action, Filing No. 22; and individual defendants' Motion to Dismiss for Failure to State a Cause of Action, Filing No. 23, heard September 13, 1988.

The underlying bankruptcy case in this matter is that of a Sanitary and Improvement District which is a political subdivision of the State of Nebraska authorized by state statute at Neb.Rev.Stat. § 77–2419 (Reissue 1986) to file a petition under Chapter 9 of title 11 of the United States Code. The Chapter 9 petition was filed in 1985 and the debtor has operated under Chapter 9 since the filing.

During the pendency of the bankruptcy case, the debtor has incurred normal operating expenses, including maintenance, as well as expenses directly related to the bankruptcy case, such as attorney fees. The debtor has paid the operating expenses and attorney fees out of an account variously called the "bond fund" or "construction fund." For convenience, this Court will refer to the fund as the "bond fund." The debtor has not yet obtained confirmation of a plan of adjustment.

A Sanitary and Improvement District (SID) as a political subdivision of the State of Nebraska is an entity set up under the authorized statutory procedure for the purpose of constructing improvements such as sewers, water systems, streets, etc. for the benefit of the property in the district. Neb.Rev.Stat. §§ 31–701 to –762 (Reissue 1984 & Supp.1987). The district is usually near a city with growth potential but, when set up, is not within the city limits of any municipality. State law authorizes the gov-

erning board of the SID to borrow money to finance the improvements by the issuance of warrants and bonds. There is a statutory scheme whereby the SID can then levy special assessments against the benefitted property and also levy ad valorem taxes with proceeds to be used to repay the debt and to pay operating expenses. Neb.Rev.Stat. §§ 31–739, –754.

The plaintiffs are individual warrant holders and the warrant holder creditors' committee which was allowed to intervene as plaintiff after the complaint was filed. Plaintiffs have sued the SID, the members of its governing board of trustees and the debtor's attorneys, alleging that the payment of operating expenses and professional fees from the bond fund is prohibited by Nebraska law. Plaintiffs further allege the bond fund is set up solely for the repayment of bonds and warrants and any invasion of such fund is a conversion of property in which plaintiffs have an interest.

All defendants have moved to dismiss. Hearing was held, oral arguments presented and briefs submitted. Each defendant's motion will be treated separately.

1. *The SID.* Debtor moves to dismiss for failure to state a claim upon which relief may be granted because:

a) Plaintiffs have failed to first comply with the Nebraska Political Subdivision Tort Claims Act.

b) As a state political subdivision, the SID has not waived its sovereign immunity from suit in federal court for conversion.

c) Plaintiffs have not pled their right to immediate possession of the money in the bond fund, a pleading defect which debtor claims is fatal to the action.

Section 904 of the Code prohibits this Court from interfering with the political or governmental powers of the debtor, any of the property or revenue of the debtor, or the debtor's use or enjoyment of any income-producing property. This adversary proceeding directly concerns property of the debtor and use of that property. The State of Nebraska has adopted a Political Subdivision Tort Claims Act at Neb.Rev. Stat. §§ 13–901 to –926 (Reissue 1987). That Act provides the mechanism for proceeding against a political subdivision for tortious acts of the political subdivision, its officers, agents and employees.

■ An SID is a political subdivision of the State. *Rexroad v. SID No. 66*, 222 Neb. 618, 386 N.W.2d 433 (1986); *SID No. 95 v. City of Omaha*, 221 Neb. 272, 376 N.W.2d 767 (1985). The State of Nebraska has not waived its sovereign immunity for the purpose of being sued in conversion. *Farmers State Bank v. Norris*, 88 B.R. 213, 214 (Bankr.D.Neb.1988). This adversary complaint alleges the SID converted property in which plaintiffs have an interest. Such a conversion is a tort subject to the Political Subdivision Tort Claims Act. Therefore, this Court rules as a matter of law that it has no jurisdiction to entertain this suit against the SID under Section 904 of the Code or the Nebraska statutes.

■ Although the above ruling seems to resolve the matter, the Court will rule on the remainder of the issues raised in the motion to dismiss. First, the issue of whether or not the plaintiffs have sufficiently pled conversion under Nebraska law must be answered affirmatively. Debtor's position is that since plaintiffs did not plead that they had an immediate right to possession of the money in the bond fund, they have not adequately pled conversion. Although the immediate right to possession of property has historically been a necessary element in a conversion action, the Nebraska Supreme Court has permitted a conversion action when the interest of the plaintiff was not an immediate right of possession, but a security interest in stock. *Chadron Energy Corp. v. First Nat'l. Bank*, 221 Neb. 590, 379 N.W.2d 742 (1986). In addition, under the notice pleading rules in the federal courts, the allegation that certain acts took place and that such acts amount to a conversion under state law are sufficient to meet pleading requirements in the face of a motion to dismiss.

■ Finally, as a factual matter, debtor suggests that there has been no conversion

because the bond fund is not limited by Nebraska law to be used only for payment of bonds and warrants and that the debtor's disclosure statement shows all moneys collected from special assessment are still in the fund, which guarantees plaintiffs all they have a right to—the amounts obtained by special assessment.

Reference to the disclosure statement requires the Court to consider the motion to dismiss as a motion for summary judgment. Fed.R.Civ.P. 12(b). Under Fed.R. Civ.P. 56, summary judgments shall be entered only if the materials presented show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). The evidence is that all disbursements came from the bond fund and all special assessment moneys are still in the fund. However, it is not clear that Nebraska law permits the debtor to use non-special assessment moneys which have been deposited into the bond fund for payment of operating expenses. That is one of the legal issues raised by the complaint. Therefore, the Court cannot say that debtor is entitled to a summary judgment as a matter of law on this issue.

2. *SID Trustees in Individual Capacity.* The individual trustees have filed a motion to dismiss on all of the same grounds as the SID, plus the additional ground that a municipal officer may be personally liable for administrative acts only where such actions are fraudulent or involve violation of a statutory duty which is plain and certain on its face.

■ The Court sustains the motion to dismiss on the grounds that the trustees are employees, officers or agents of the SID and civil action against them for their official acts can be brought only pursuant to the Nebraska Political Subdivision Tort Claims Act. Neb.Rev.Stat. §§ 13–903, –905, –920 and –921. And, in addition, the individual trustees are protected by the sovereign immunity of the State.

■ For the same reasons as listed under the SID section, the Court overrules the motion on all other grounds. The "new" ground relied upon by individual trustees does not support their positions. The complaint alleges that they violated a statute by authorizing disbursements from a fund restricted by statute. This allegation is sufficient to enable the plaintiff to succeed in the face of a motion to dismiss, because whether or not the individual trustees violated a "statutory duty which is plain and certain on its face" is a question of fact, which cannot be determined without evidence not available at a hearing on a motion to dismiss.

3. *The Lawyers.* The lawyers move to dismiss on the grounds that:

a) this Court approved the payment of funds, after notice and hearing and that such approval bars the action;

b) conversion is not properly pled;

c) plaintiffs lack standing to sue because the action can be brought only by the debtor, or under section 926 of the Code, by a court-appointed trustee;

d) there is a misjoinder of parties;

e) the Code overrides state law and administrative expenses are authorized to be paid out of funds of debtor.

■ The lawyers' motion fails in all respects. This Court allowed certain fee requests as an administrative expense. Neither the applications nor the orders allowing the administrative expense authorized, directed, or suggested the source of the funds for payment of such allowed fees.

Conversion is satisfactorily pled. See the discussion of pleading conversion in the SID portion of this opinion.

■ Plaintiffs do not lack standing to sue. Section 926 of the Code concerns avoiding powers. It states:

*11 U.S.C. § 926. Avoiding Powers.* If the debtor refuses to pursue a cause of action under section 544, 545, 547, 548, 549(a), or 550 of this title, then on request of a creditor, the court may appoint a trustee to pursue such cause of action.

Lawyers argue that although plaintiffs' complaint alleges conversion, plaintiffs are actually attempting to avoid a post petition

transfer under section 549(a) and, therefore, should be required, at a minimum, to make demand upon debtor to act and then, if debtor refuses, request the appointment of a trustee for the purpose.

Section 549(a) permits a trustee to avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

The transfer, that is, the payment of money by debtor to lawyers and others, occurred after the commencement of the case. Section 303(f) concerns involuntary cases and is not applicable. Section 542 concerns treatment of entities holding property of the debtor on commencement of the case and their rights and liabilities concerning turnover of such property. This section is inapplicable in this case.

Therefore, the only portion of section 549 which could be applicable here is Section 549(a)(2)(B) which permits trustee to avoid post petition transfers that are not authorized under Title 11 or by the Court.

Since this Court has no right to interfere with the governmental or political operations of the debtor or to interfere with debtor's use of its property, except in the confirmation process, any use of debtor's property by debtor is "authorized under this title." The debtor is free to use its property and the bankruptcy court cannot approve or disapprove of such use. 4 *Collier on Bankruptcy* ¶ 901.03[25] (15th ed. 1988). Therefore, this case is not one under Section 549(a) of the Code that would arguably require a trustee to be named plaintiff. This is a case alleging the tort of conversion and plaintiffs have standing to sue.

■ Misjoinder of parties is not a basis for a motion to dismiss. Fed.R.Civ.P. 21 as incorporated by Bankr.R. 7021.

■ The Code does not override state law concerning the use debtor may make of its property. The Code authorizes the debtor to incur administrative expenses which may be allowed under Section 503. The Nebraska statute authorizes debtor to incur expenses in furtherance of confirmation of a plan of adjustment. Neb.Rev. Stat. § 77-2419 (Reissue 1986). However, neither the Code nor the Nebraska statute authorize a Chapter 9 debtor to pay such expenses out of a restricted fund. This Court does not make any finding with regard to the status of the fund under state law because that status is the subject of the remaining factual and legal issues before the Court.

In summary, the motion to dismiss filed by the SID and the motion to dismiss filed by the trustees of the SID are both sustained. The motion to dismiss filed by the lawyers is overruled. Lawyers are granted 20 days to further move or plead.

Separate journal entry to be entered.