996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis G. EDWARDS, Plaintiff-Appellant,
v.
The BOEING COMPANY; International Association of Machinists
and Aerospace Workers, AFL-CIO, Defendants-Appellees.
 No. 92-3276.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The appellant, Dennis G. Edwards, was terminated from his employment by the defendant Boeing Company in June of 1986. Although he was a member of the defendant International Association of Machinists and Aerospace Workers, AFL-CIO ("Union"), the Union declined to pursue a grievance on his behalf. The appellant filed a complaint with the EEOC on July 15, 1986, claiming that he was terminated because he is black. The EEOC issued a right to sue letter on May 7, 1987.
 
 
 2
 The appellant, represented by counsel, filed the first of two actions in the United States District Court for the District of Kansas on December 9, 1986. He alleged that he was terminated in violation of the Collective Bargaining Agreement, the public policy of the state of Kansas, the Kansas Act Against Discrimination (K.S.A. 44-1001, et seq), 42 U.S.C. § 2000e, et seq (Title VII), and 42 U.S.C. § 1981. He also alleged that the Union failed to adequately represent him and discriminated against him because of his race. The district court dismissed that suit without prejudice on August 8, 1989, because of the appellant's failure to comply with a pretrial order. The appellant filed an untimely notice of appeal and this court dismissed the appeal for lack of jurisdiction on January 20, 1990.
 
 
 3
 The appellant, appearing pro se, filed a second suit in district court on November 15, 1991 raising the identical claims as those raised in his first action.[1] On July 2, 1992, the district court dismissed the claims against Boeing as barred by the statute of limitations. The appellant filed a premature notice of appeal on July, 28, 1992. On September 2, 1992, the district court granted the Union's motion to dismiss, finding that the claims were time barred, and entered judgment against the appellant. The appellant has not filed a subsequent notice of appeal.
 
 
 4
 In the course of this appeal the appellant proceeds directly to a treatment of the merits. In doing so he fails to address the preliminary issues of jurisdiction and the timeliness of his claims. We agree with the district court that these issues are dispositive.
 
 Notice of Appeal
 
 5
 At the time the appellant filed his notice of appeal concerning the dismissal of Boeing, claims remained unadjudicated against the Union. As such, the notice of appeal was premature. However, on September 2, 1992, the district court granted the Union's motion to dismiss with prejudice. According to our decision in Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988) (en banc), we deem the appellant's premature notice of appeal to have ripened on September 2, 1992. Accordingly, we find that we have jurisdiction over the appellant's challenges to the dismissal of the claims against Boeing.
 
 
 6
 However, we find that we lack jurisdiction to consider an appeal from the dismissal of the claims against the Union. According to Fed.R.App.P. 3(c) a notice of appeal must "designate the judgment, order, or part thereof appealed from." This is a jurisdictional requirement. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 315-16 (1988); Cunico v. Pueblo School Dist. No. 60, 917 F.2d 431, 444 (10th Cir.1990); Averitt v. Southland Motor Inn of Oklahoma, 720 F.2d 1178, 1180-81 (10th Cir.1983). The order dismissing the claims against the Union was not issued until after the appellant filed his notice of appeal. Although we allow a premature notice to ripen upon final disposition of the remaining claims, it can only confer jurisdiction over orders that existed at the time it was filed. Nolan v. United States Department of Justice, 973 F.2d 843, 846 (10th Cir.1992).
 
 Statutes of Limitations
 
 7
 Those claims that are properly before us are time barred.[2] The statute of limitations applicable to each of the appellant's claims expired before the instant case was filed on November 15, 1991.
 
 
 8
 Plaintiff's assertion that he was discharged in violation of the collective bargaining agreement is subject to the six-month limitations period set forth at 29 U.S.C. § 160(b). DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983). The limitations period accrued on June 9, 1986, at the time that the appellant received notice of the Union's decision not to pursue the grievance. See Lucas v. Mountain States Telephone & Telegraph, 909 F.2d 419, 421 (10th Cir.1990). It was time barred on December 10, 1986.
 
 
 9
 Title VII claims are subject to the limitations periods set forth at 42 U.S.C. § 2000e-5(e) and (f). According to those provisions, charges of discrimination must be filed with the EEOC within 180 days of the alleged employment practice. A federal suit must be filed within 90 days of the issuance of a right-to-sue letter. The initial limitations period accrued on June 6, 1986, at the time of the unlawful act. The appellant did file a timely charge with the EEOC on July 15, 1986. The secondary limitations period accrued on May 7, 1987, when the EEOC issued a right-to-sue letter. Although the appellant's initial action was timely filed, its dismissal left him in the same position that he would have had if the initial suit had never been filed. See Willard v. Wood, 164 U.S. 502, 523 (1896). Accordingly, the claim was time barred on August 6, 1987.
 
 
 10
 The appellant makes two claims under Kansas law: that he was wrongfully discharged because of his race in violation of public policy, and that he was mistreated because of his race in violation of the Kansas Act Against Discrimination, K.S.A. 44-1001, et seq. Both of these claims are torts under Kansas law, see e.g. Murphy v. City of Topeka, 630 P.2d 186, 190 (Kan.App.1981) (public policy); Kansas Commission on Civil Rights v. Service Envelope Corp., 660 P.2d 549 (Kan.1983) (statutory violation). Under Kansas law, tort claims are subject to a two-year statute of limitations. K.S.A. § 60-513(a)(4). The limitations period governing the public policy violation accrued on June 6, 1986, at the time of the unlawful act. The claim was time barred on June 7, 1988. Because the Kansas Act Against Discrimination contains an administrative exhaustion requirement, its limitations period did not accrue until May 7, 1987, when the EEOC issued its right-to-sue letter and the administrative proceedings were completed. It was time barred on May 8, 1989.
 
 
 11
 The appropriate limitations period for actions brought in Kansas under 42 U.S.C. § 1981, is the two-year statute of limitations of K.S.A. § 60-513(a)(4). See Payne v. General Motors Corp., 731 F.Supp. 1465, 1473 (D.Kan.1990). The limitations period governing Section 1981 accrued on June 6, 1986, at the time of the unlawful act. The claims were time barred on June 7, 1988.
 
 
 12
 Kansas law contains a statutory savings provision, K.S.A. § 60-518, that provides:
 
 
 13
 If any action be commenced within due time, and the plaintiff fail in such action otherwise than on the merits, and the time limit for the same shall have expired, the plaintiff ... may commence a new action within six (6) months after such failure.
 
 
 14
 The appellant's first action failed on August 8, 1989 when it was dismissed without prejudice for failure to comply with the pretrial order.[3] The statutory savings provision would have allowed the appellant to re-file claims under Section 1981 and Kansas state law until February 8, 1990. However, the instant suit was not filed until November 15, 1991.
 
 
 15
 Accordingly, we find that each of the appellant's claims that are properly before us are time-barred. The order of the district court dismissing the claims is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court appointed counsel to represent the appellant. Appointed counsel filed a subsequent complaint on March 10, 1992, and withdrew shortly thereafter. The appellant has proceeded pro se since that time
 
 
 [2]
 In fact, our review of the record has revealed that even those claims that we lack jurisdiction to consider are time barred
 
 
 [3]
 The appellant filed an untimely appeal from that dismissal and that appeal was dismissed for lack of jurisdiction. Because no timely appeal was taken, the dismissal of the first action was final on August 8, 1989