**Preston G. DEES, Plaintiff,**

v.

**Cornelius G. VENDEL,
et al., Defendants.**

**Civ. A. No. 91–2482–EEO.**

United States District Court,
D. Kansas.

June 30, 1994.

Memorandum Denying Reconsideration
Sept. 27, 1994.

---

Preston G. Dees, pro se.

Robert A. Olsen, Office of U.S. Atty., Kansas City, KS, A. Bradley Bodamer, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, DeAnn E. Hupe Seib, Kansas State Bd. of Agriculture, Div. of Water Resources, Topeka, KS, Rogers L. Brazier, Jr., Kansas Dept. of Wildlife & Parks, Topeka, KS, Carl A. Gallagher, Office of Atty. Gen., Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion for summary judgment by defendant Mark E. Johnson (Doc. # 116), and motions to dismiss by defendants Wisler, Sutherland, and Young (Doc. # 111), Brown, Gable, and Tatum (Doc. # 107), and O'Bryant and Holt (Doc. # 109). For the reasons set forth below, the motions will be granted.

The uncontroverted facts of the instant action are as follows. On December 29, 1989, Dees was arrested in Linn County, Kansas, for hunting without the proper permit and for resisting arrest. Special Agent Vendel of the U.S. Fish and Wildlife Service observed Dees and others shoot at a line of Canadian geese which flew over them. When Vendel approached them and asked to see their hunting permits, Dees produced an Indian hunting license which had the appropriate waterfowl stamps, but did not have the special Marais de Cygnes Valley dark geese permit required to hunt Canadian geese.

Agent Vendel then asked to see Dees' driver's license or some other form of identification. Dees refused to produce a driver's license or any other photo identification. Vendel explained to Dees that he could avoid arrest by producing a photo identification. When Dees continued to refuse to cooperate,

Vendel arrested him and began to guide him toward Vendel's car. When Dees sat down and refused to move, Vendel asked two nearby security guards to call for back-up.

Defendant Johnson, a Conservation Officer with the Kansas Department of Wildlife and Parks, defendant Deputy Sheriff Holt, and defendant Deputy Sheriff O'Bryant arrived at the scene approximately twenty minutes later. Johnson knew Dees and talked with him in an attempt to gain his cooperation. Dees refused to cooperate and did not walk off the field on his own until Vendel and Johnson picked him up by his arms and started to carry him off. Vendel then informed Johnson that Dees was being arrested for hunting Canadian geese without a permit and for resisting arrest.

On July 23, 1990, plaintiff was convicted of hunting migratory game birds without a permit or stamp in violation of Kan.Stat.Ann. § 32–1008 and of obstructing legal process or official duty in violation of Kan.Stat.Ann. § 21–3808. The Kansas Court of Appeals affirmed the convictions and the Kansas Supreme Court denied plaintiff's petition for review. On December 31, 1991, plaintiff filed the instant suit alleging violations of his civil and constitutional rights with regard to his arrest and subsequent incarceration.

### Claims against defendants in their official capacities.

■ In *Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir.1993), the court stated that a suit against a public servant in his or her official capacity is "simply another way of pleading an action against that entity." A claim against a public entity requires a showing that enforcement of a policy or practice by the entity caused the alleged violation of plaintiff's constitutional rights. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978); *Hinton*, 997 F.2d at 783. Dees has not alleged any policy or practice of any govern-

ment entity which lead to the alleged violation of plaintiff's civil rights. We, therefore, conclude that plaintiff's claims against all defendants in their official capacities should be dismissed.

### Claims against defendants in their individual capacities.

■ Defendant Johnson seeks summary judgment on plaintiff's claims against him in his individual capacity. The constitutional validity of a warrantless arrest depends upon whether the arresting officer had probable cause. *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir.1985). Apparently, Dees seeks to establish that his arrest was unconstitutional because there was no probable cause to arrest him: Dees alleges that Agent Vendel was lying about seeing plaintiff shoot the geese and asserts that his hunting permit was valid.

Significantly, however, Dees was convicted of both of the charges for which he was arrested, i.e., hunting without the requisite permit and obstructing justice. The United States Supreme Court recently considered the question of whether a section 1983 claim for damages based on an improper arrest can be maintained when the plaintiff was convicted of the charges for which he was arrested. In *Heck v. Humphrey*, — U.S. —, —, 114 S.Ct. 2364, 2367, 129 L.Ed.2d 383 (1994), the Court held, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been invalidated. The example given by the Court was a state defendant who is convicted of resisting arrest. To prevail, such a plaintiff would necessarily have to negate an element of the offense for which he was convicted in order to show that the underlying arrest was improper. *Id.* — U.S. at —, 114 S.Ct. at 2371 n. 6.

■ We do not believe that the Court's rationale is limited to the situation presented in *Heck*, i.e., the plaintiff was incarcerated, but applies with equal force in the instant case where the plaintiff is no longer incarcerated and is seeking only money damages. *See also Cameron v. Fogarty*, 806 F.2d 380, 388 (2nd Cir.1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987) (In a § 1983 case, "[w]here a civil rights

plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest."); *Singleton v. City of New York,* 632 F.2d 185, 195 (2nd Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Pouncey v. Ryan,* 396 F.Supp. 126, 127 (D.Conn.1975) (summarily dismissing post-conviction § 1983 claim for false arrest).

■ In the instant case, Dees' convictions have not been invalidated. The final court to consider them, the Kansas Court of Appeals, affirmed the convictions. Dees cannot state a claim for violations of his civil rights based on his allegedly false arrest in the face of convictions which have not been invalidated. Accordingly, Johnson is entitled to summary judgment as a matter of law.

Even if plaintiff had raised a cognizable claim, Johnson is entitled to qualified immunity. The doctrine of qualified immunity recognizes the principle that government officials are protected from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

Once the defendant has successfully raised the defense of qualified immunity, plaintiff must come "forward with facts or allegations to show both that the defendants' alleged conduct violated the law and that the law was clearly established when the violation occurred." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 646 (10th Cir. 1988). "The key to this inquiry is the objective reasonableness of the official's conduct in light of the legal rules that were clearly established at the time the action was taken." *Laidley v. McClain,* 914 F.2d 1386, 1394 (10th Cir.1990).

■ A claim of qualified immunity presents a question of law about whether the officer's actions were objectively reasonable. *Dixon v. Richer,* 922 F.2d 1456, 1460 (10th Cir.1991). Qualified immunity is "an immunity from suit rather than a mere defense to

liability." *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir.1990). Thus, a defendant is spared the burden of going forward "unless and until the plaintiff is able to meet the burden of establishing that the defendant's alleged actions violated clearly established law." *Gallegos v. City of Denver,* 984 F.2d 358, 361 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993).

■ Once plaintiff has met this burden, the defendant must demonstrate that no material issues of fact remain as to whether his actions were objectively reasonable in light of the law and the information he possessed at the time. A defendant who makes such a showing of objective reasonableness is entitled to summary judgment unless the plaintiff can demonstrate that there are factual disputes relevant to the defendant's claim to immunity. *Martin v. Board of County Comm'rs,* 909 F.2d 402, 405 (10th Cir.1990).

■ Plaintiff has wholly failed to respond to defendant Johnson's motion for summary judgment with specific facts establishing that Johnson violated clearly established law in his actions toward plaintiff. Plaintiff relies only on the following bare allegations in his response:

Officer Vendel has lied from the very beginning and the other defendants have abused the Judicial Process by attempting to support his lies and were never interested in the truth;

Officer Vendel has a history of making up stories to support his false allegations which could be proven by other hunters including Dr. Thomas McGuire, who was not allowed to testify, but was also wrongly accused by Officer Vendel;

Plaintiff produced a valid Indian hunting license as required by law and as of this date there is no law which requires more;

Defendant Johnson knew the Plaintiff, but was apparently so intimidated by this Federal Officer that he failed to perform his duty which caused the violations of Plaintiffs [sic] Civil Rights;

The defendants have abused the legal system and refused to look at the material facts in this case;

The defendants did not follow the law of which a reasonable person would know.

Plaintiff's amended complaint states that Johnson conspired with other defendants "with intent to deny Plaintiff of due process and equal protection of law" and "for purpose of impeding, hindering, obstructing or defeating the due course of Justice" and to "deprive plaintiff of a fair trial." Plaintiff also states that he believes he was so treated because he is a "Native American with an Indian hunting license."

The court acknowledges that plaintiff appears pro se and his response is entitled to a somewhat less stringent standard than a response filed by a licensed attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, this does not excuse plaintiff from the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure, the local rules of this court, and *Pueblo Neighborhood*, 847 F.2d at 646, 649. Even a *pro se* plaintiff must present some "specific factual support" for his allegations. *Id.* at 649. Plaintiff has wholly failed in this regard. Plaintiff's reference to the would-be testimony of Dr. Thomas McGuire in his response is not supported by any type of sworn testimony, such as a deposition or affidavit. Plaintiff offers only his suggestion of what McGuire would state if he testified.

Even assuming that everything Dees alleges is true and can be established by admissible evidence, plaintiff has failed to raise any factual questions about whether Johnson's actions were objectively reasonable and in compliance with clearly established law. *See id.* at 646. Plaintiff's only factual allegation regarding defendant Johnson is that Johnson failed to act to protect plaintiff's rights. Plaintiff suggests that Johnson feared Vendel and alleges that Vendel was lying. Apparently, Dees believes that Johnson had a duty to interrogate Vendel and determine, as Dees alleges, whether Vendel was lying about having seen plaintiff shoot at the Canadian geese. This is simply not the law; under the circumstances as alleged by plaintiff, Johnson had no duty to question the truthfulness of what Vendel told Johnson.

Absent some knowledge or evidence to the contrary, it was objectively reasonable for Johnson to rely on the facts as represented to him by Vendel. Under those facts, Johnson did not violate any clearly established law by aiding Vendel in arresting Dees for shooting Canadian geese without the requisite permit. *See* Kan.Stat.Ann. §§ 32–1008 and 32–1031. Further, based on his own observations of Dees' actions in refusing to cooperate with the arrest, it was objectively reasonable for Johnson to assist in arresting plaintiff for obstructing justice by resisting arrest. *See* Kan.Stat.Ann. §§ 21–3808, 22–2402(1), 22–2202(13), and 32–1048.

Defendants Wisler, Sutherland, and Young were county attorneys for Linn County, Kansas, at the time of plaintiff's criminal prosecution. Plaintiff does not allege that Wisler, Sutherland, or Young had any contact with him other than in their capacity as county attorneys involved in prosecuting plaintiff on the hunting and obstruction of justice charges. They seek dismissal of plaintiff's claims against them on the basis of absolute prosecutorial immunity.

A complaint may not be dismissed for failure to state a claim upon which relief may be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed, especially where plaintiff appears *pro se. Id.; Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Prosecutors are entitled to absolute immunity from suits for civil damages

predicated on the prosecutor's performance of functions associated with the judicial phase of the criminal process. *Spielman v. Hildebrand,* 873 F.2d 1377, 1382 (10th Cir.1989). Plaintiff's complaint does not allege that defendants Wisler, Sutherland, and Young dealt with him in any capacity other than as county prosecutors. Accordingly, defendants Wisler, Sutherland, and Young are entitled to dismissal of plaintiff's claims on the basis of absolute prosecutorial immunity.

■ Defendants Brown, Gable, and Tatum were county commissioners for Linn County, Kansas. Plaintiff does not allege that they had any direct contact with him. Apparently, plaintiff's theory is that Brown, Gable, and Tatum are liable because they were county commissioners at the time of plaintiff's arrest and incarceration. Plaintiff first contends that Brown, Gable, and Tatum are liable because they knew about the illegal actions of the other defendants and failed to act to prevent the violation of plaintiff's rights. However, Brown, Gable, and Tatum are entitled to qualified immunity if the actions they allegedly failed to prevent were not unconstitutional because they acted objectively, reasonably, and within the confines of clearly established law.

In *Hinton,* 997 F.2d at 783, the court held that a mayor who was sued in her personal capacity, could invoke the defense of qualified immunity against a claim for failure to train and supervise police officers where the underlying actions of the police officers were not unconstitutional and the officers were entitled to qualified immunity. Similarly, in the instant case, the county prosecutors Wisler, Sutherland and Young are entitled to prosecutorial immunity and the deputy sheriffs O'Bryant and Holt are entitled to qualified immunity. It follows that defendants Brown, Gable, and Tatum are entitled to dismissal of plaintiff's claim based on qualified immunity because none of plaintiff's allegations create even a factual issue about whether the actions of the underlying defendants were unconstitutional.

■ Plaintiff, apparently, also attempts to state an Eighth Amendment claim against Brown, Gable, and Tatum for "substandard" jail conditions at the Linn County jail. However, plaintiff fails to allege any specific facts to state a claim for cruel and unusual punishment involving the "unnecessary and wanton infliction of pain." *See Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). In short, plaintiff's bare allegation that the jail conditions were "substandard" does not state a claim for a violation of his rights under the Eighth Amendment.

■ Moreover, even if plaintiff had raised a cognizable claim, it would be barred by the statute of limitations. A claim relating to the conditions of the jail must be raised within two years. *Hamilton v. City of Overland Park,* 730 F.2d 613, 614 (10th Cir. 1984) (en banc), *cert. denied,* 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985) (all § 1983 claims are actions governed by the Kan.Stat.Ann. § 60–513(a)(4) two-year statute of limitations). Plaintiff was released from the Linn County jail on January 10, 1990. Accordingly, any claim regarding the conditions of the jail accrued at that time and was barred by the two-year statute of limitations on January 10, 1992. Plaintiff did not make his allegations about the substandard conditions of the jail until his amended complaint filed October 15, 1993. Plaintiff's amended complaint did not relate back because defendants did not have notice of a claim based on jail conditions within the limitations period. *See Marsh v. Coleman Co.,* 774 F.Supp. 608, 612 (D.Kan.1991) (citing *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986)). We therefore conclude that any Eighth Amendment claim against Brown, Gable, and Tatum based on allegedly substandard jail conditions must be dismissed.

■ Plaintiff has also sued defendants Holt and O'Bryant, deputy sheriffs for Linn County, Kansas, at the time of plaintiff's arrest and incarceration. Plaintiff does not state how these defendants were involved in the alleged violation of his rights other than to allege that they conspired with Johnson, Smith, Hill, Wisler, and Sutherland to deny plaintiff his right to due process and equal protection of the law. Dees does not allege any facts other than his arrest which might support his claims against these two defendants. *See Kelly v. Blake,* No. Civ. A. 93–

**1538**

CV–0365, 1993 WL 131518 (April 26, 1993 E.D.Pa.) (distinguishing between the application of qualified immunity to claims of § 1983 violations based on excessive force and those based on false arrest).

Apparently, plaintiff contends that because Holt and O'Bryant were deputy sheriffs involved in his arrest and incarceration, they are responsible for the alleged violation of his constitutional rights relating to his illegal arrest. However, as with defendant Johnson, defendants Holt and O'Bryant are entitled to dismissal of plaintiff's claims against them because Dees was convicted of the charges for which he was arrested. The convictions forestall any claim by plaintiff for civil rights violations based on false arrest because the conviction establishes the reasonableness of the officers' actions in arresting plaintiff. *See Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 363; *Cameron,* 806 F.2d at 388. The motion to dismiss by defendants O'Bryant and Holt will be granted.

IT IS THEREFORE ORDERED that defendant Johnson's motion for summary judgment (Doc. # 116) is granted.

IT IS FURTHER ORDERED that the motion to dismiss of defendants Wisler, Sutherland, and Young (Doc. # 111) is granted.

IT IS FURTHER ORDERED that the motion to dismiss of defendants Brown, Gable, and Tatum (Doc. # 107) is granted.

IT IS FURTHER ORDERED that the motion to dismiss of O'Bryant and Holt (Doc. # 109) is granted.

*MEMORANDUM AND ORDER*
*ON RECONSIDERATION*

This matter is before the court on plaintiff's motion for reconsideration of the court's June 30, 1994, order. For the following reasons, plaintiff's motion will be denied.

First, plaintiff's motion to reconsider is out of time. D.Kan. 206(f). Even giving plaintiff, who appears pro se, the benefit of not counting weekends or holidays (which is beyond what the rule prescribes), the motion was due by July 15, 1994. Plaintiff's motion for reconsideration was not filed until August 2, 1994. Accordingly, plaintiff's motion could be denied on procedural grounds alone.

However, even on the merits, plaintiff's motion fails. A motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to consider a change in the law. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside those presented by the parties. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan. 1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983). Plaintiff has not raised any newly discovered evidence or new development or change in the law which would warrant reconsideration of our prior order. Neither has plaintiff articulated any misapprehension of the facts or the law in the court's June 30, 1994, decision.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #122) is denied.