56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry PEOPLES, Plaintiff--Appellant,
v.
FINNEY COUNTY BOARD OF COMMISSIONERS; Finney County
Sheriff's Department; Grover Craig; Kevin Bascue; Shirley
Holmes; Joe Pena; Jerry Quint, individually and in their
official capacities, defendants--Appellees.
 No. 94-3398.
D. Kansas (D.C. No. 94-CV-1129)
 United States Court of Appeals, Tenth Circuit.
 June 1, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Terry Peoples appeals from the grant of summary judgment in favor of defendants in his 42 U.S.C.1983 action seeking damages for allegedly inadequate medical treatment while he was an inmate in the Finney County Jail in Kansas. The district court held that Mr. Peoples' claim was barred by the applicable statute of limitations. The court also dismissed Mr. Peoples' accompanying state law claim. We affirm.
 
 BACKGROUND
 
 3
 Mr. Peoples was incarcerated in the Finney County Jail on December 7, 1991. He claims defendant Finney County Sheriffs Department and its employees provided him with inadequate medical care and improper living conditions of various kinds, from the time of his arrest until February 3, 1992.
 
 
 4
 Under Kansas law, "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." Kan. Stat. Ann. 12-105b(d). Mr. Peoples filed a notice with the Finney County Clerk, which was investigated and denied on April 4, 1994. He then filed this section 1983 action on April 4, along with a state law claim.
 
 
 5
 Defendants filed a motion for summary judgment on the ground that the applicable statute of limitations for section 1983 actions in Kansas is two years. Kan. Stat. Ann. 60-513(a)(4) (providing a two-year limitations period for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated"). The district court agreed, and dismissed the section 1983 claim, holding additionally that it would decline to exercise jurisdiction over Mr. Peoples' state law claim. Mr. Peoples appeals, arguing: (1) the three-year statute of limitations applicable to "[a]n action upon a liability created by a statute other than a penalty or forfeiture," Kan. Stat. Ann. 60-512(2), should apply to his action; (2) even if the two-year limitations period applies, the statute should have been tolled because Mr. Peoples complied with the notice provision of Kan. Stat. Ann. 12-105b, which provides for tolling for 120 days; (3) even if the statute is not tolled pursuant to section 12-105b, we should equitably toll the statute; and (4) the doctrine of res judicata would have prevented him from filing his section 1983 action prior to receiving a response to his section 12-105b notice.
 
 DISCUSSION
 
 6
 As we have observed on many previous occasions, Congress provided no specific limitations period for civil rights actions. See Arnold v. Duchesne County, 26 F.3d 982, 983-84 (10th Cir.1994), cert. denied, 115 S.Ct. 721 (1995). Accordingly, the "settled practice" is to adopt a state limitations period, provided it is not inconsistent with federal law or policy. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); see 42 U.S.C.1988. Further, "[t]he characterization of the essential nature of a section 1983 action is a question of federal law." ----- Arnold, 26 F.3d at 986. The Supreme Court has characterized section 1983 actions generally as "conferring a general remedy for injuries to personal rights." Wilson, 471 U.S. at 278.
 
 
 7
 This circuit, and district courts within this circuit, have consistently held that the appropriate limitations period in Kansas for a section 1983 action is the two-year period established for actions for "injury to the rights of another" contained in section 60-513(a)(4). See Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir.1993); Johnson v. Johnson County Comm'n, 925 F.2d 1299, 1300-01 (10th Cir.1991); Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir.1984) (en banc), cert. denied, 471 U.S. 1052 (1985); Wiley v. Hoang, No. 91-3073-DES, 1995 WL 89004, at * 1 (D. Kan. Feb. 13, 1995); Oyler v. Finney, 870 F.Supp. 1018, 1023 (D. Kan.1994), aff'd, No. 94-3442, 1995 WL 225270 (10th Cir. Apr. 7, 1995); Dees v. Vendel, 856 F.Supp. 1531, 1537 (D. Kan.1994).
 
 
 8
 Mr. Peoples acknowledges the holdings of these cases, but urges us to reconsider our case law in view of a recent Kansas Supreme Court case concluding that the three year limitations period of section 60-512(2) applies to a discrimination claim under the Kansas Act Against Discrimination, Kan. Stat. Ann. 44-1001--44-1044. Wagher v. Guy's Foods, Inc., 885 P.2d 1197 (Kan.1994). We agree with the defendants that the Kansas Supreme Court's determination of the appropriate limitations period for a state law cause of action is wholly irrelevant to the determination, as a matter of federal law, of the appropriate limitations period for a section 1983 action. "Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action." Wilson, 471 U.S. at 269; see also Arnold, 26 F.3d at 986-88. We therefore reject Mr. Peoples' argument that the Kansas Supreme Court's decision in Wagher should cause us to rethink our previous case law.
 
 
 9
 Mr. Peoples further suggests that his case is factually distinguishable from our Johnson case and from the Supreme Court's Wilson decision. We also reject this argument. We have consistently held, in a variety of factual settings, that section 1983 actions in Kansas are governed by a two-year statute of limitations. Indeed, the district court in Wiley held that the two-year statute indisputably applied to a section 1983 action premised on the provision of inadequate medical care during incarceration. Wiley, 1995 WL 89004, at * 1. In short, we are wholly unpersuaded that Mr. Peoples' section 1983 action, in contrast to all other section 1983 actions brought in Kansas, should enjoy a three-year limitations period, rather than the well-established two-year period.
 
 
 10
 Mr. Peoples next argues that, even if the applicable period is two years, its running was tolled by his compliance with the notice requirement of Kan. Stat. Ann. 12-105b.[2] We disagree. Section 12-105b applies to "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act...." Thus, on its face, it appears inapplicable to a section 1983 claim. See Fira v. Board of County Comm'rs, Nos. 92-1548-MLB, 93-1008-MLB, 1994 WL 326719 (D. Kan. June 27, 1994). Additionally, were it intended to apply to such a claim, its application would be forbidden by Felder v. Casey, 487 U.S. 131 (1988). In Felder, the Supreme Court held that a state notice-of-claim provision was inapplicable to section 1983 actions, whether brought in state or federal court. This was because such provisions impermissibly burdened section 1983's remedial objectives. Since a civil rights plaintiff cannot be burdened by the provisions of a state law notice requirement, we see no reason why he should be able to use it selectively to his advantage, in order to toll the running of the applicable statute of limitations. We therefore reject Mr. Peoples' argument that the running of the two-year limitations period was tolled by his resort to section 12-105b.
 
 
 11
 Finally, Mr. Peoples argues that the two-year statute applicable to his claim should be equitably tolled.[3] "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir.1995). Under Kansas law, "a defendant, who has acted in such a fashion that his conduct is sufficient to lull his adversary into a false sense of security forestalling the filing of suit until after the statute has run, will be precluded from relying on the bar of the statute.' " Ferrell v. Ferrell, 719 P.2d 1, 5 (Kan. Ct.App.1986) (quoting Coffey v. Stephens, 599 P.2d 310, 312 (Kan. Ct.App.1979)). We agree with defendants that Mr. Peoples has made no showing of any such conduct by defendants.[4]
 
 
 12
 For the foregoing reasons, the decision of the district court dismissing Mr. Peoples' action is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendants argue that Mr. Peoples did not in fact fully, or even substantially, comply with section 12-105b's requirements. We need not address this issue
 
 
 [3]
 The district court did not address this argument; it is therefore unclear whether Mr. Peoples even argued it below. Arguments may not be raised for the first time on appeal
 
 
 [4]
 We also reject Mr. Peoples' opaque argument that the doctrine of res judicata somehow forced him into waiting before filing his section 1983 action. Nothing prevented him from timely filing his section 1983 claim, and then amending his federal cause of action at a later date if necessary