**UNITED STATES COURT OF APPEALS**
**Filed 7/26/96**
**TENTH CIRCUIT**

KELVIN BOYICE,

       Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE, INC.,

       Defendant-Appellee.

No. 96-3072
(D.C. No. 94-CV-2234)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

This is an appeal from the district court's grant of summary judgment in favor of

United Parcel Service, Inc. (UPS) in this employment discrimination action filed pursuant

to 42 U.S.C. § 1981. Kelvin Boyice was employed by UPS until UPS discharged him on

December 3, 1991 for job abandonment. Boyice filed a complaint in the United States

District Court for the District of Kansas on June 10, 1994, concerning his December 3,

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and the appellate record, this three-judge panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1991 discharge. Boyice alleged in his complaint that his discharge was based on his race and in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission, in violation of 42 U.S.C. § 1981. UPS moved for summary judgment in the district court on the basis that, inter alia, Boyice's § 1981 claims were barred by Kansas' two-year statute of limitations, K.S.A. § 60-513(a)(4), which applies to claims for "injury to the rights of another." The district court granted summary judgment in favor of UPS on the ground that Boyice's claims were barred by the two-year statute of limitations. We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Bolden v. PRC Inc., 43 F.3d 545, 548 (10th Cir. 1994), cert. denied, 116 S. Ct. 92 (1995).

The parties agree that the statute of limitations on Boyice's claims began to run on December 3, 1991, when Boyice became aware that he had been discharged by UPS. The only issue on appeal is whether the district court applied the correct statute of limitations to Boyice's claims. We conclude that it did. The federal civil rights statutes do not provide a specific statute of limitations. We have held that civil rights actions brought pursuant to § 1981 should be characterized as violations of personal rights and, therefore, the district courts should apply the similar state statute of limitations. Baker v. Board of Regents of the State of Kansas, 991 F.2d 628, 630 (10th Cir. 1993). Furthermore, we have specifically held with respect to federal civil rights claims asserted in the state of Kansas under §§ 1983 and 1981 that "[b]ecause both section 1983 and 1981 claims are

- 2 -

actions for injury to the rights of another, the appropriate state statute of limitations is Kan. Stat. Ann. § 60-513(a)(4)." Id.; see also Edwards v. Boeing Co., No. 92-3276, 1993 WL 214566, at *2 (10th Cir. June 18, 1993) ("The appropriate limitations period for actions brought in Kansas under 42 U.S.C. § 1981, is the two-year statute of limitations of K.S.A. § 60-513(a)(4)."). K.S.A. 60-513(a)(4) provides for a two year statute of limitations for "an injury to the rights of another." Because Boyice did not file this lawsuit until June 10, 1994, more than two years after his claims accrued, the district court did not err in granting summary judgment in favor of UPS.

We therefore **AFFIRM** the Memorandum and Order of the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel

Circuit Judge