**Brian L. SNODDERLY, Plaintiff,**

v.

**The State of KANSAS and Bev Heinrich, Defendants.**

**No. 96–4044–SAC.**

United States District Court, D. Kansas.

March 9, 2000.

Brock R. Snyder, Law Office of Brock R. Snyder, Topeka, KS, for Plaintiff.

Michael D. Burrichter, Kansas Dept. of Revenue Legal Services, Topeka, KS,

Frank S. Reeb, Johnson County Legal Dept., Olathe, KS, M.J. Willoughby, Office of Attorney General, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The plaintiff, Brian L. Snodderly, alleges that he was constructively discharged from his employment in the mail room at the State of Kansas Department of Revenue due to a hostile work environment which he attributes to his mental disabilities—an adjustment disorder with anxious mood and passive-aggressive personality—and physical disabilities in violation of the Americans with Disabilities Act (ADA). The plaintiff also asserts claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 and the tort of outrage. The defendants deny liability, essentially arguing that the plaintiff was treated fairly and was in no way the victim of unlawful discrimination. The defendants also challenge this court's jurisdiction over the plaintiff's claims.

### Parallel State Proceedings:

A few months before filing this federal case, the plaintiff had filed similar or nearly identical claims in a parallel state proceeding before Franklin R. Theis, Shawnee County, Kansas, district judge. On July 30, 1998, Judge Theis granted summary judgment to the defendants on all the plaintiff's claims. The plaintiff appealed that adverse ruling to the Kansas Court of Appeals. On November 5, 1999, the Kansas Court of Appeals heard oral argument on that appeal.

On November 19, 1999, this court entered a memorandum and order which addressed several of the pending motions in this case. Among other things, the court found that it has jurisdiction to consider the plaintiff's ADA claims against the defendants, dismissed the plaintiff's state law claims against the State of Kansas and against Bev Heinrich in her official capacity for lack of jurisdiction, denied with out prejudice the defendants' motion to dismiss the plaintiff's claims against Bev

Heinrich in her individual capacity, denied the defendants' "Motion for Summary Judgment as to breach of contract claims based upon res judicata and collateral estoppel (Dk.98)" as moot in light of the plaintiff's concession, denied without prejudice the defendants' Motion to Dismiss (Dk.113) the plaintiff's remaining claims under the *Rooker–Feldman* doctrine, and denied without prejudice the defendants' "Notice of Supplemental Authority and Renewed Request for Summary Judgment as to All Claims Based upon Res Judicata and Collateral Estoppel (Dk.100)." In light of the pendency of the plaintiff's appeal before the Kansas Court of Appeals, the court indicated that it would not rule on the defendants' motion for summary judgment (Dk.77) until receiving notice of the outcome of the plaintiff's appeal in state court. *Snodderly v. Kansas,* 79 F.Supp.2d 1241 (D.Kan.1999).

Since the time that the court filed its November 19, 1999, memorandum and order, the Kansas Court of Appeals has issued an opinion affirming Judge Theis' decision. On February 14, 2000, the Supreme Court of Kansas denied the plaintiff's request for review.

Because an appeal is no longer pending, the judgment of the state district court is, under the law of Kansas, entitled to preclusive effect under res judicata and collateral estoppel principles. *See Snodderly,* 79 F.Supp.2d at 1244–45. The court will now address the defendant's motion for summary judgment, including the arguments advanced in the defendants' "Notice of Supplemental Authority and Renewed Request for Summary Judgment as to All Claims Based upon Res Judicata and Collateral Estoppel" (Dk.100).

*Plaintiff's Claims Against the State:*

█ Because the plaintiff's claims against the State of Kansas are essentially identical to the claims asserted in the parallel proceedings in state court, and because that decision is now entitled to res judicata and collateral estoppel effect, the State of Kansas is entitled to summary

judgment on the plaintiff's remaining claims against it.

*Plaintiff's Claims Against Bev Heinrich in her Individual Capacity:*

██ The plaintiff's claim against Bev Heinrich in her individual capacity for intentional infliction of emotional distress is essentially identical to the claim asserted by the plaintiff in the parallel state court proceedings. Because the state court's decision is now entitled to res judicata and collateral estoppel effect, Bev Heinrich is entitled to summary judgment on the plaintiff's intentional infliction of emotional distress claim.

██ The plaintiff's § 1983 claim meets a similar fate. Judge Theis found that the plaintiff's § 1983 claim against Bev Heinrich was barred by the applicable two year statute of limitations. Even if that ruling was not entitled to res judicata or collateral estoppel effect, this court finds that the plaintiff's § 1983 is barred by the applicable two year statute of limitations.

> State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, *see Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Arnold v. Duchesne County,* 26 F.3d 982, 985 (10th Cir.1994), but federal law governs the time of accrual of § 1983 claims, *see Smith v. City of Enid ex rel. Enid City Com'n,* 149 F.3d 1151, 1154 (10th Cir.1998).... "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid,* 149 F.3d at 1154 (quotation and citations omitted).

*Beck v. City of Muskogee Police Department,* 195 F.3d 553, 557 (10th Cir.1999). In this case, Kansas' two year statute of limitations applies. *See Peoples v. Finney Board of Commissioners,* 56 F.3d 78, 1995 WL 326131, *2 (10th Cir.1995) (Table) ("This circuit, and district courts within this circuit, have consistently held that the

appropriate limitations period in Kansas for a section 1983 action is the two-year period established for actions for "injury to the rights of another" contained in section 60–513(a)(4).") (*citing Baker v. Board of Regents,* 991 F.2d 628, 630 (10th Cir. 1993)).

██ All of Heinrich's alleged acts which purportedly give rise to the plaintiff's § 1983 claim occurred on or before October 18, 1993. The plaintiff did not commence this action in federal court until March 15, 1996, several months after the two-year statute of limitations had run. Nothing even proffered by the plaintiff regarding his purported mental incapacity, nor anything gleaned from the court's review of the plaintiff's response to the defendant's motion for summary judgment, demonstrates that it would be appropriate to toll the statute of limitations under Tenth Circuit precedent. *See Hall v. United States Department of Labor,,* 198 F.3d 257, 1999 WL 815830 (10th Cir.1999) (Table) ("Our decision in *Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264 (10th Cir.1996), is dispositive of this issue. Although in that case we declined to decide whether mental incapacity could toll the statute of limitations, *see id.* at 1268, we stated that even if we were to adopt such a rule, tolling for mental incapacity would be allowed only under "exceptional circumstances," *see id.* We identified two such exceptional circumstances as adjudication of incompetency or institutionalization."). Nor does the pendency of an investigation by the Kansas Department of Human Rights toll the statute of limitations on the plaintiff's § 1983 claim; Snodderly was not required to exhaust his administrative remedies prior to commencing his § 1983 claim. *See Desmarteau v. City of Wichita, Kansas,* 64 F.Supp.2d 1067, 1083 (D.Kan.1999) (intentional tort claims accrued at time of unlawful act as there is no exhaustion of administrative remedies for such claims) (citing *Edwards v. Boeing,* 996 F.2d 310, No. 92–3276, 1993 WL 214566 (10th Cir. June 18, 1993)); *Tonkovich v. Kansas Board of Regents,* 159 F.3d

504, 519 (10th Cir.1998) ("It is beyond dispute that a plaintiff need not exhaust state administrative remedies before filing suit in federal court under § 1983.").[1]

Finally, even if the plaintiff could overcome the insurmountable obstacle imposed by the two year statute of limitations, the court finds that the defendant is entitled to judgment as a matter of law on the merits.

> "To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation. *Ruark v. Solano,* 928 F.2d 947, 950 (10th Cir.1991); *Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir. 1990); *Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir.1976). The plaintiff must show the defendant personally participated in the alleged violation, *Bennett,* 545 at 1262–63, and conclusory allegations are not sufficient to state a constitutional violation. *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)."

*Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996).

The plaintiff, at best, undertook a minimalist approaching in drafting his § 1983 claim against Heinrich. Assuming, *arguendo,* that the plaintiff's amended complaint alleges sufficient facts in a nonconclusory fashion to state a § 1983 claim, his responses to the defendant's dispositive motions make it clear that his § 1983 is predicated in large part on the success of his other claims—that he was the victim of unlawful discrimination and that he was constructively discharged. Judge Theis' adverse ruling on each of those claims essentially forecloses recovery on a § 1983 claim against Heinrich. Even if Heinrich was not entitled to summary judgment on res judicata and collateral estoppel principles, this court finds that no rational fact-finder could find for the plaintiff on his § 1983 claim against Heinrich.

### Conclusion

The defendants are entitled to summary judgment on all of the plaintiff's remaining claims.

IT IS THEREFORE ORDERED that the Defendants' Motion for Summary Judgment (Dk.77) is granted. The defendants are entitled to judgment as a matter of law on all of the plaintiff's remaining claims.

The Clerk of the Court shall enter judgment in favor of the defendants.

---

1. The court simply notes that the Prisoner Litigation Reform Act (PLRA) provides in pertinent part:

   No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

   42 U.S.C. § 1997e(a).