16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chris ARCHIBEQUE, Plaintiff-Appellant,
v.
George WYLIE, Brian Culp, Danny Galvan, Elroy Romero, Tony
Nanez, David Griego, as individuals and in their
official capacity, Defendants,
and
Donna MOYA, as an individual and in her official capacity,
Defendant-Appellee.
 No. 92-2083.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 11, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Chris Archibeque was incarcerated in the New Mexico prison system. Shortly after his transfer to the state penitentiary in Santa Fe, he was assaulted by an inmate whom he had previously identified to prison authorities as one of his enemies. He brought this action against prison system officials asserting a 42 U.S.C.1983 claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment and a state law tort claim. The district court dismissed Mr. Archibeque's state law claim before trial and later denied Mr. Archibeque's motion for reconsideration of this dismissal. On defendants' motion for summary judgment, the district court dismissed all defendants except Donna Moya-Martinez (formerly known as Donna Moya). After Mr. Archibeque had presented his evidence at a bench trial, the district court granted judgment in favor of Ms.Moya-Martinez on the 1983 claim and dismissed Mr. Archibeque's claims with prejudice. Mr. Archibeque appeals the dismissal of both claims but only with respect to defendant Donna Moya-Martinez.
 
 
 4
 As an initial matter, we must determine whether we have jurisdiction, though neither the parties nor the district court raised this issue. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989). Mr. Archibeque brought this action against Ms.Moya-Martinez in both her individual capacity and her official capacity as an employee of the New Mexico Department of Corrections. When a public employee is sued in her official capacity, any judgment "imposes liability not on the particular servant in office, but on the governmental entity the office represents. Consequently, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Griess v. Colorado, 841 F.2d 1042, 1045 (10th Cir.1988)(per curiam)(citations and internal quotation omitted).
 
 
 5
 The claims against Ms.Moya-Martinez in her official capacity are therefore claims against the Department of Corrections, a state entity. See Anchondo v. Corrections Dep't, 666 P.2d 1255, 1256 (N.M.1983). Unless a state waives its sovereign immunity, "[t]he eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." Bishop v. John Doe 1, 902 F.2d 809, 810 (10th Cir.), cert. denied, 498 U.S. 873 (1990). New Mexico has not waived its immunity. Id. (finding no waiver of Eleventh Amendment protection from tort claim against New Mexico Department of Corrections). Thus, neither this court nor the district court could have jurisdiction over the official-capacity claims. We therefore vacate the district court's orders as they pertain to Mr. Archibeque's 1983 claim and state law claim against Ms.Moya-Martinez in her official capacity and remand to the district court for dismissal for lack of jurisdiction.
 
 
 6
 Because the Eleventh Amendment does not prevent suits in federal court against persons in their individual capacity, we do have jurisdiction over the 1983 claim against Ms.Moya-Martinez in her individual capacity. See Griess, 841 F.2d at 1045-46. By the same token, we also have jurisdiction over the state law claim against her in her individual capacity. The state law tort claim is based on pendent jurisdiction, and the district court apparently exercised its discretion to hear that claim because it arises out of the same facts as the 1983 claim. See Sullivan v. Scoular Grain Co., 930 F.2d 798, 803 (10th Cir.1991).
 
 
 7
 The district court's relevant factual findings and the undisputed background facts are as follows: Mr. Archibeque was transferred from the Central New Mexico Correction Facility to the state penitentiary in Santa Fe on October 18, 1988. Prior to his release into the general prison population, Mr. Archibeque met with Ms.Moya-Martinez to discuss possible enemies of Mr. Archibeque who might be in the penitentiary. Ms.Moya-Martinez, as the penitentiary's intake officer, was aware of and knew the dangers to incoming inmates being placed in the general prison population where they might have enemies. She had information available to her regarding Mr. Archibeque's enemies who were in the penitentiary when he was transferred there. Mr. Archibeque identified Alex Gallegos as an enemy; Ms.Moya-Martinez could have determined Mr. Gallegos' presence in the general prison population by checking a printout of current inmates. Mr. Archibeque was released into the general prison population and that night encountered Mr. Gallegos in the weight room, where Mr. Gallegos and several other inmates assaulted Mr.Archibeque.
 
 In addition, the court found that
 
 8
 [a]t most, plaintiff's evidence showed that defendant Donna Moya-Martinez was careless and made a mistake in not checking an available computer printout to determine whether Alex Gallegos, an enemy of the plaintiff, was still in the penitentiary at Santa Fe before releasing plaintiff into the general population. However, it was clear from the evidence that Donna Moya-Martinez reviewed with the plaintiff persons who were potential enemies at the penitentiary and made notes regarding Tim Trujillo and Orlando Cabras. Although plaintiff considered them to be enemies, plaintiff advised defendant Donna Moya-Martinez that he should be able to talk out his problems with Tim Trujillo and Orlando Cabras. It appeared from the evidence that there may have been miscommunications between plaintiff and Donna Moya-Martinez regarding Alex Gallegos. Further, it is clear from both the testimony of plaintiff and the defendant Donna Moya-Martinez that during the discussion regarding potential enemies, defendant was concerned about plaintiff's safety in the general population and was not indifferent to plaintiff.
 
 
 9
 R. Vol. I, Doc. 74, at 2 (judgment amending certain findings of fact).
 
 
 10
 Mr. Archibeque contended in his 1983 claim that Ms.Moya-Martinez deprived him of his Eighth Amendment right to be free from cruel and unusual punishment because she was deliberately indifferent to his safety while incarcerated. As indicated above, the district court found that Ms.Moya-Martinez may have been negligent but that she was not deliberately indifferent to Mr. Archibeque's safety. The court therefore dismissed the 1983 claim. The district court earlier dismissed Mr. Archibeque's state law tort claim on the basis of the state's sovereign immunity.
 
 
 11
 The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). Prison officials' failure to take reasonable steps to protect inmates from other inmates may form the basis of a 1983 claim for violation of the Eighth Amendment. See Berry v. City of Muskogee, 900 F.2d 1489, 1494 (10th Cir.1990). In a case such as this, which concerns conditions of confinement, the officials' liability depends in part on whether they were deliberately indifferent to an inmate's safety. See id. at 1495 (applying deliberate indifference standard where claim was for city's actions in allowing prisoners to murder another prisoner).
 
 
 12
 Mr. Archibeque "accepts the district court's factual findings but disputes the court's determination that the facts did not establish a legal wrong." Appellant's Br. at 7. He asserts that we should review the district court's determination de novo. However, whether a defendant's conduct constitutes deliberate indifference is a question of fact. See id. at 1496, 1498 (question of whether defendant was deliberately indifferent addressed to jury). We review questions of fact under the clearly erroneous standard. Salve Regina College v. Russell, 111 S.Ct. 1217, 1222 (1991). We will interpret Mr. Archibeque's "acceptance" of the district court's factual findings as accepting those findings other than the ultimate one that Ms.Moya-Martinez was not deliberately indifferent, and we will review that finding for clear error. See Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 944 (10th Cir.1989)(per curiam)(clearly erroneous standard "applies to all findings of fact, including those described as 'ultimate facts' because they may determine the outcome of the litigation").
 
 
 13
 "Deliberate indifference" requires a degree of fault higher than negligence or gross negligence, but lower than the intentional or malicious infliction of injury. Berry, 900 F.2d at 1495-96. In general, "an official or municipality acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." Id. at 1496. In Berry, we stated that for a plaintiff to prove deliberate indifference, he or she must show that (1) either the defendant had "actual knowledge of the specific risk of harm" to the plaintiff or "the risk was so substantial or pervasive that knowledge can be inferred;" (2) the defendant "failed to take reasonable measures to avert the harm;" and (3) the defendant's "failure to take such measures in light of its knowledge, actual or inferred, justifies liability for the attendant consequences of its conduct, even though unintended." Id. at 1498.
 
 
 14
 We have reviewed the record and agree with the district court's finding that Ms.Moya-Martinez may have been negligent, but was not deliberately indifferent. Because the district court's finding was not clearly erroneous, we affirm its dismissal of Mr. Archibeque's 1983 claim against Ms.Moya-Martinez in her individual capacity.
 
 
 15
 When acting within the scope of their duties, public employees in New Mexico are immune from tort liability except as that immunity has been waived by the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1 to -27. See id. 41-4-4. Mr.Archibeque asserted a state law claim for negligence against Ms.Moya-Martinez. He contends that she was acting within the scope of her duties and that her negligence falls within the waiver of immunity provided by section 41-4-6. This section waives immunity "for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." Mr. Archibeque argues that Ms.Moya-Martinez's actions constitute negligent operation of the penitentiary.
 
 
 16
 The district court interpreted section 41-4-6 more narrowly than does Mr. Archibeque. Relying primarily on Castillo v. Santa Fe County, 755 P.2d 48, 50 (N.M.1988), and Wittkowski v. State, 710 P.2d 93, 97 (N.M. Ct.App.), cert. quashed, 708 P.2d 1047 (1985)(table), overruled in part, Silva v. State, 745 P.2d 380 (N.M.1987), and overruled in part, Bober v. New Mexico State Fair, 808 P.2d 614 (N.M.1991), the district court held that section 41-4-6 does not encompass the security and custody of inmates at the penitentiary. It therefore dismissed Mr. Archibeque's state law claim and denied his motion for reconsideration.
 
 
 17
 Because the breadth of the immunity waiver provided by section 41-4-6 appeared unsettled under New Mexico law, we certified the following question to the New Mexico Supreme Court:
 
 
 18
 Does section 41-4-6 of the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1 to 27, provide immunity from tort liability to an employee of the state penitentiary whose alleged negligence in releasing a prisoner into the general prison population, which included known enemies of the prisoner, resulted in the prisoner being beaten and injured by one of his enemies?
 
 
 19
 The New Mexico Supreme Court answered the question and essentially agreed with the district court's analysis. Archibeque v. Moya, No. 21,539, 1993 WL 544066 (N.M. Dec. 15, 1993). We therefore affirm the district court's dismissal of Mr. Archibeque's state law claim.
 
 
 20
 To sum up, we VACATE the district court's orders as they pertain to Ms. Moya-Martinez in her official capacity and REMAND to the district court for dismissal for lack of jurisdiction. We AFFIRM the dismissal of the 1983 and state tort law claims against Ms. Moya-Martinez in her individual capacity.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable DeeV. Benson, District Judge, United States District Court for the District of Utah, sitting by designation