**Stephanie DORAN, Melanie Erin DoRan, Justin Michael DoRan, and Elsa Louise DoRan, By and Through their mother, Stephanie DORAN, Plaintiffs,**

v.

**Patrick F. CONDON, Deputy Lancaster County Attorney; Robert Thorson, Sergeant, Nebraska State Patrol; Todd Kinghorn, Investigator, Nebraska State Patrol; Kevin Knorr, Investigator, Nebraska State Patrol; Dan Doggett, Investigator, Nebraska State Patrol; Jud McKinstry, Investigator, Nebraska State Patrol; and Five Unknown Officers of the Nebraska State Patrol; in their individual capacities, the County of Lancaster County, Nebraska, and the State of Nebraska, Defendants.**

**No. 4:97CV3173.**

United States District Court,
D. Nebraska.

Nov. 21, 1997.

Joy Shiffermiller, Polsky, Cope & Knapp, Lincoln, NE, for Stephanie DoRan, Melanie Erin DoRan, Justin Michael DoRan, Elsa Louise DoRan, By and Through Stephanie DoRan.

Don Stenberg, Atty. Gen., Hobert B. Rupe, Asst. Atty. Gen., Lincoln, NE, for State of Neb.

### MEMORANDUM AND ORDER

KOPF, District Judge.

This is a 42 U.S.C. § 1983 action for damages stemming from an allegedly unlawful search of plaintiff Stephanie DoRan's (DoRan) residence in Lincoln, Nebraska; the seizure of DoRan's property; and DoRan's subsequent arrest. Plaintiffs invoke the "pendent jurisdiction" of this court to hear Plaintiffs' state-law claims of trespass and invasion of privacy against the State of Nebraska. (Filing 1, Plaintiffs' Complaint, at 2 & 16.) Plaintiffs have alleged that their state claims against the State of Nebraska were first submitted for consideration by the State Tort Claims Board, and were then withdrawn after no final determination was made within six months, as provided by Neb. Rev.Stat. § 81–8,213 (Michie 1995). (Filing 1, Plaintiffs' Complaint, at 2.)

Pending before the court is a motion to dismiss filed by defendant State of Nebraska pursuant to Fed.R.Civ.P. 12(b)(1), (2), and (6), in which the State argues that this court lacks subject matter jurisdiction to hear claims made against the State of Nebraska under the State Tort Claims Act because such pendent claims are barred by the Eleventh Amendment to the United States Constitution. (Filing 15.) I shall grant the State's motion.

### I. *ELEVENTH AMENDMENT IMMUNITY*

■ The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has interpreted the Eleventh Amendment to mean that " 'the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III' " of the Constitution, and, although not expressly provided in the Eleventh Amendment, to bar citizens from bringing suit against their own state in federal court. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 237–38, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985) (quoting *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)).

■ The Eleventh Amendment does not provide a defense when (1) a state waives its immunity and consents to suit in federal court by state statute, constitutional provision, or by otherwise waiving its immunity in the context of a federal program; or (2) Congress has abrogated the states' immunity from suit in federal court. *Atascadero,* 473 U.S. at 238–42, 105 S.Ct. at 3145–47.

### A. *State's Waiver of Immunity*

■ "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146. Indeed, a state will be held to have waived its immunity "only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Id.* at 239–40, 105 S.Ct. at 3146 (internal citations omitted)

Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment. *Florida Dept. of Health v. Florida Nursing Home Assn.,* 450 U.S. 147, 150 [101 S.Ct. 1032, 1034, 67 L.Ed.2d 132] (1981) (*per curiam*). As we explained just last Term, "a State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst II, supra,* 465 U.S., at 99 [104 S.Ct., at 907]. Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must

specify the State's intention to subject itself to suit in *federal court.*

*Id.* at 241, 105 S.Ct. at 3146–47 (emphasis in original) *See Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 306, 110 S.Ct. 1868, 1873, 109 L.Ed.2d 264 (1990) (state does not waive Eleventh Amendment immunity by consenting to suit only in its own courts; rather, state waiver of Eleventh Amendment immunity must specify state's intent to subject itself to suit in federal court) *Welch v. Texas Dept. of Highways & Pub. Transp.,* 483 U.S. 468, 473–74, 107 S.Ct. 2941, 2946, 97 L.Ed.2d 389 (1987) (state does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in state court); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99 n. 9, 104 S.Ct. 900, 907 n. 9, 79 L.Ed.2d 67 (1984) (United States Supreme Court has consistently held that state's waiver of sovereign immunity in state courts is not waiver of Eleventh Amendment immunity in federal courts); *Santee Sioux Tribe of Nebraska v. State of Nebraska,* 121 F.3d 427, 431 (8th Cir.1997) (state's general waiver of sovereign immunity insufficient to waive Eleventh Amendment immunity; state must specify intent to subject itself to federal court jurisdiction to waive Eleventh Amendment immunity).

### B. Congressional Waiver

 "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." *Atascadero,* 473 U.S. at 242, 105 S.Ct. at 3147. Once it is determined that Congress has "'unequivocally expresse[d] its intent to abrogate the immunity,'" the court must then ask whether Congress acted "'pursuant to a valid exercise of power.'" *Seminole Tribe of Florida v. Florida,* 517 U.S. 609, ——, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996) (quoting *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985)).

### C. Supplemental Jurisdiction Cannot Override Eleventh Amendment Immunity

██ The Eleventh Amendment applies to federal claims that would be within a federal court's jurisdiction but for the constitutional bar created by the Amendment, as well as to pendent state-law claims. "[N]either pendent jurisdiction nor any other basis of jurisdiction may override the [explicit limitations on federal jurisdiction contained in the] Eleventh Amendment." *Pennhurst,* 465 U.S. at 118 & 121, 104 S.Ct. at 917 & 919.

> [P]endent jurisdiction is a judge-made doctrine of expediency and efficiency derived from the general Art. III language conferring power to hear all "cases" arising under federal law or between diverse parties. The Eleventh Amendment should not be construed to apply with less force to this implied form of jurisdiction than it does to the explicitly granted power to hear federal claims.

*Id.* at 120, 104 S.Ct. at 918–19 (citations omitted) *See County of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 251, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985) (Eleventh Amendment forecloses application of ancillary and pendent jurisdiction where claims brought against the state); *Wilkerson v. United States,* 67 F.3d 112, 119 n. 13 (5th Cir.1995) (codification of common-law doctrine of pendent jurisdiction, 28 U.S.C. § 1367(a), cannot be used to waive the United States' sovereign immunity unless Congress specifically allows such waiver); *Mascheroni v. Board of Regents,* 28 F.3d 1554, 1559 (10th Cir.1994) (Eleventh Amendment applied to state claims attached to Title VII complaint based on *Pennhurst* language that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment," *Pennhurst,* 465 U.S. at 121, 104 S.Ct. at 919); *Seidel v. Greenwalt,* 1993 WL 393069, *2 (N.D.Ill.1993) (mere grant of jurisdiction, like supplemental jurisdiction provided in 28 U.S.C. § 1367, does not override Eleventh Amendment); *Kadonsky v. United States,* 1997 WL 457516, *3 (N.D.Tex.1997) (general jurisdictional statutes like 28 U.S.C. § 1367 do not waive sovereign immunity)

### II. ANALYSIS

Plaintiffs argue that the State of Nebraska waived its Eleventh Amendment immunity

when Plaintiffs completed the procedural requirements specified in the State Tort Claims Act with regard to Plaintiffs' tort claims against the state. However, Plaintiffs admit that the State Tort Claims Act, §§ 81–8,209 to 81–8,235 (Michie 1995), "provides exclusive jurisdiction for such cases under Nebraska's state district courts." (Pls.' Br. Opp'n Mot. Dismiss at 3.) *See* Neb.Rev.Stat. § 81–8,214 (Michie 1995) (state district courts have exclusive jurisdiction to determine any suit or tort claim under the State Tort Claims Act); Neb. Const. art. V, § 22 (state legislature shall provide "in what manner and in what courts suits shall be brought" against state)

■ Thus, Plaintiffs cannot argue that the State of Nebraska has waived its Eleventh Amendment immunity in the State Tort Claims Act because the act does not expressly specify the state's intent to subject itself to suit in *federal* court. *Atascadero*, 473 U.S. at 241, 105 S.Ct. at 3146–47; *Matter of Norris*, 88 B.R. 213 (Bankr.D.Neb.1988) (bankruptcy court dismissed for lack of subject matter jurisdiction plaintiff's action for conversion against State of Nebraska, finding that "neither the Constitution of the State of Nebraska nor the State Tort Claims Act waives Nebraska's sovereign immunity for actions brought in United States federal bankruptcy courts").

Plaintiffs also argue that judicial economy and convenience require that Plaintiffs be allowed to invoke pendent jurisdiction to bring their state-law tort claims against the State of Nebraska in federal court. (Pls.' Br. Opp'n Mot. Dismiss at 3.) However, the first questions logically must be (1) whether Congress abrogated the states' immunity from suit in federal court in 28 U.S.C. § 1367, the codification of the common-law doctrines of pendent and ancillary jurisdiction, and (2) whether 28 U.S.C. § 1367 can override Eleventh Amendment immunity. If the answer to both of these questions is no, judicial economy and convenience concerns are irrelevant.

■ As to the first of these questions, because the language of 28 U.S.C. § 1367 does not unequivocally express Congress' intent to abrogate the states' Eleventh Amendment immunity, congressional waiver of such

immunity cannot serve as a basis for allowing Plaintiffs' state tort claims against the State of Nebraska to proceed in federal court.

■ As to the second question, and as described above, "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121, 104 S.Ct. at 919. Therefore, the grant of supplemental jurisdiction contained in 28 U.S.C. § 1367 cannot displace the Eleventh Amendment's explicit limitations on federal jurisdiction, and thus section 1367 does not waive the State of Nebraska's immunity from suit against Plaintiffs' tort claims in this case. *See Seidel v. Greenwalt*, 1993 WL 393069, *2 (N.D.Ill. 1993) (court dismissed state law tort claims against state agency in 42 U.S.C. § 1983 action against state trooper, police officer, city, and state agency alleging unlawful traffic stop and arrest because supplemental jurisdiction under 28 U.S.C. § 1367 does not override Eleventh Amendment immunity and the State of Illinois had consented to suit only in the state court of claims)

### III. CONCLUSION

I shall grant the motion to dismiss filed by defendant State of Nebraska (filing 15) because (1) the State of Nebraska has not waived its Eleventh Amendment immunity as to tort claims against it in federal court in the State Tort Claims Act, §§ 81–8,209 to 81–8,235 (Michie 1995); (2) Congress did not abrogate the states' immunity from suit in federal court in 28 U.S.C. § 1367, the statute codifying the common-law doctrines of pendent and ancillary jurisdiction; and (3) the grant of supplemental jurisdiction contained in 28 U.S.C. § 1367 cannot override Eleventh Amendment immunity.

■ These conclusions make Plaintiffs' judicial economy and convenience argument irrelevant. "In any case ... such considerations of policy cannot override the constitutional limitation on the authority of the federal judiciary to adjudicate suits against a State." *Pennhurst*, 465 U.S. at 123, 104 S.Ct. at 920 (court's response to respondents' argument that applying the Eleventh Amendment to pendent claims results in bi-

furcation of claims and contradicts policies of judicial economy and convenience)

Accordingly,

IT IS ORDERED:

1. The motion to dismiss filed by defendant State of Nebraska (filing 15) is granted; and

2. Because Plaintiffs' only claims against the defendant State of Nebraska are state-law tort claims set forth in Count Seven of Plaintiffs' complaint, defendant State of Nebraska is dismissed from this suit and is no longer a party.